UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEARGAL MAC CONULADH,<br><br>       Plaintiff,<br><br> -vs<br><br>ATARI GAMEBOX LLC,<br><br>       Defendant. | Civil Action No. 1:18–cv–06380<br><br>**ANSWER** |

Atari Gamebox LLC ("Defendant"), by its attorneys, Bressler, Amery & Ross, P.C. responds to the Plaintiff's for breach of contract, breach of the covenant of good faith and fair dealing, quantum meruit, declaratory relief, and rescission ("Complaint") as follows:

1. Denies the allegations in Paragraph "1" of the Complaint.

2. Denies knowledge or independent information sufficient to form a belief as to the truth of the allegations in Paragraph "2" of the Complaint, and therefore denies the allegations.

3. Admits the allegations in Paragraph "3" of the Complaint.

4. Denies that at all relevant time Atari Games, Corp. has been the sole member of Atari Gamebox.

5. Admits that Atari Games Corp. is a subsidiary of Atari, S.A., but denies that Atari, S.A. is a defendant in this litigation.

6. Admits the allegations in Paragraph "6" of the Complaint.

7. Admits the allegations in in Paragraph "7" of the Complaint.

8. Admits the allegations in Paragraph "8" of the Complaint.

9. Admits the allegation in Paragraph "9" of the Complaint.

1

10. Lacks knowledge or independent information sufficient to form a belief as to the truth of the allegations in Paragraph "10" of the Complaint, and therefore the allegations are denied.

11. Admits the allegations in Paragraph "11" of the Complaint concerning Atari's games and franchises, but denies the remaining allegations in Paragraph "11" of the Complaint.

12. Admits the allegations in Paragraph "12" of the Complaint.

13. Denies the allegations in Paragraph "13" that seek to characterize Mr. Chesnais's impression(s) and the purported ownership structure for Atari Gamebox.

14. Denies the allegation in Paragraph "14" of the Complaint.

15. Denies the allegations contain in Paragraph "15" regarding the original ownership structure of Defendant, and further contends it lacks knowledge or independent information sufficient to form a belief as to the truth of the remaining allegations in Paragraph "15" of the Complaint and therefore the allegations are denied.

16. Denies that Plaintiff participated in the creation of Defendant in or about July 1, 2017, but admits the remaining allegations in Paragraph "16" of the Complaint.

17. Admits that Defendant agreed to reimburse Plaintiff for invoice services of other parties, but denies the remaining allegations in Paragraph "17" of the Complaint.

18. Admits the allegations in Paragraph "18" of the Complaint.

19. Admits that Plaintiff received stock options from Atari, S.A., including the vesting schedule, but denies Plaintiff's characterization of the motivation for issuances of the stock described in Paragraph "19" of the Complaint.

20. Denies the allegations in Paragraph "20" of the Complaint.

21. Admits that Plaintiff and Defendant negotiated and executed an Amended and Restated Limited Liability Company Agreement of Atari Gamebox, LLC on or about September 30, 2017

("Operating Agreement"), but Defendant denies the remaining allegations in Paragraph "21" of the Complaint.

22. Admits the allegations in Paragraph "22" of the Complaint.

23. Admits the allegations in Paragraph "23" of the Complaint.

24. Denies the allegations in Paragraph "24" of the Complaint.

25. Admits the allegations in Paragraph "25" of the Complaint.

26. Denies the allegations in Paragraph "26" of the Complaint.

27. Denies the allegations in Paragraph "27" of the Complaint.

28. Denies the allegations in Paragraph "28" of the Complaint.

29. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "29" of the Complaint, and therefore the allegations are denied.

30. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "30" of the Complaint and therefore the allegations are denied.

31. Denies the allegations in Paragraph "31" of the Complaint.

32. Denies the allegations in Paragraph "32" of the Complaint.

33. Denies the allegations in Paragraph "33" of the Complaint.

34. Denies the allegations in Paragraph "34" of the Complaint.

35. Denies the allegation in Paragraph "35" of the Complaint.

36. Admits that Defendant engaged Indiegogo for a crowdfunding campaign in or about May 30, 2018, but lacks knowledge or information sufficient to form a belief as to reports purporting to establish the amount raised from the crowdfunding efforts as described in Paragraph "36" of the Complaint and therefore the allegations are denied.

37. Denies the allegations in Paragraph "37" of the Complaint.

38. Denies the allegations in Paragraph "38" of the Complaint.

39. Denies the allegations in Paragraph "39" of the Complaint.

40. Denies the allegation in Paragraph "40" of the Complaint regarding compensation, and lacks knowledge or information sufficient to form the truth of the allegations in Paragraph "40" of the Complaint related to income projections and therefore the allegations are denied.

41. Denies the allegations in Paragraph "41" of the Complaint.

42. Denies the allegations in Paragraph "42" of the Complaint.

43. Denies the allegations in Paragraph "43" of the Complaint.

44. Repeats its responses in Paragraphs "1 - 43" of the Complaint.

45. Admits that allegation in Paragraph "45" of the Complaint.

46. Denies the allegations in Paragraph "46" of the Complaint.

47. Denies the allegations in Paragraph "47" of the Complaint and respectfully refers all issues of law to the Court.

48. Denies the allegations in Paragraph "48" of the Complaint and respectfully refers all issues of law to the Court.

49. Repeats its responses in Paragraphs "1 - 48" of the Complaint.

50. Admits that Defendant agreed to act in good faith, but denies the remaining allegations in Paragraph "50" of the Complaint.

51. Denies the allegations in Paragraph "51" of the Complaint and respectfully refers all issues of law to the Court.

52. Denies the allegations in Paragraph "52" of the Complaint and respectfully refers all issues of law to the Court.

53. Repeats its responses in Paragraphs "1 - 52" of the Complaint.

54. Admits that allegation in Paragraph "54" of the Complaint.

55. Admits that allegation in Paragraph "55" of the Complaint.

56. Denies the allegation in Paragraph "56" of the Complaint.

57. Denies the allegation in Paragraph "57" of the Complaint.

58. Denies the allegations in Paragraph "58" of the Complaint and respectfully refers all issues of law to the Court.

59. Repeats its responses in Paragraphs "1 - 58" of the Complaint.

60. Denies the allegations in Paragraph "60" of the Complaint and respectfully refers all issues of law to the Court.

61. Denies the allegations in Paragraph "61" of the Complaint and respectfully refers all issues of law to the Court.

62. Repeats its responses in Paragraphs "1 - 61" of the Complaint.

63. Denies the allegations in Paragraph "63" of the Complaint and respectfully refers all issues of law to the Court.

64. Denies the allegations in Paragraph "64" of the Complaint and respectfully refers all issues of law to the Court.

FIRST AFFIRMATIVE DEFENSE

65. Plaintiff fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

66. Plaintiff's attempt to recover monies from Defendant constitute unjust enrichment.

THIRD AFFIRMATIVE DEFENSE

67. Plaintiff has failed to mitigate his alleged damages.

FOURTH AFFIRMATIVE DEFENSE

68. Plaintiff's allegations are barred by principles of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

69. Plaintiff's allegation are barred by the principle of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

70. Plaintiff's allegations are barred because he failed to perform an condition precedent under the Agreement.

## SIXTH AFFIRMATIVE DEFENSE

71. Plaintiff is not entitled to recovery under the principal of in pari delicto.

## COUNTER-CLAIM

Defendant hereby brings this counterclaim against Plaintiff for breach of contract pursuant to the Agreement.

### JURISDICTION AND VENUE

1. Defendant hereby incorporates the jurisdictional and venue allegations alleged in Paragraphs 6 through 9 of the Complaint.

### BACKGROUND FACTS AND PRAYER FOR RELIEF

2. Defendant executed amendment to the Agreement and to the Operating Agreement whereby Plaintiff agreed to develop certain consumer electronics product for Defendant ("Atari VCS Project"). Plaintiff controlled the development of the Atari VCS Project and operated with substantial independence, subject to the Paragraph 3 of the Agreement, which outlined Deliverables.

3. The Agreement stated:

> **Deliverables**: The deliverable defined herein is to produce a final Industrial Design ("Design") for the Product, as well as 1-2 peripheral controllers ("Joystick" or "Controller"). The Design needs to reflect the heritage of Atari gaming products …, while also reflecting modernity to open up the Atari brand to a new generation of consumers.
>
> An initial CGI indication of one part of the Design needs to be produced for marketing purposes within one week of this Agreement. The full Industrial Design, delivered digitally (in 3Ds or other agreed format) should be delivered before July 31, 2017. Some ongoing support may be required until

6

     September 17, 2017 while the engineering team produce physical prototypes
     based on the Industrial Design the contractor delivers.

  4. Plaintiff tightly controlled information about the Atari VCS Project and shared minimal details with Defendant. Plaintiff led Defendant to believe that the Atari VCS Project was proceeding on schedule. Eventually, Plaintiff sought additional time to develop the Atari VCS Project. After several missed deadlines, Plaintiff told Defendant that the Atari VCS Project would launch in December 2017.

  5. On December 11, 2017, based upon prior representations from Plaintiff, the Board of Directors of Defendant's parent company, Atari, S.A., assembled to finalize corporate authorization for Defendant to launch the Atari VCS Project. On information and belief, Plaintiff unilaterally released a social post to more than 100,000 followers of the Atari VCS Project, while the Board meeting was occurring, which stated that Defendant would launch Gamebox on December 14, 2017. Atari, S.A. was forced to make a similar announcement to avoid confusion among industry observers and its customers and to comply with applicable stock market regulations.

  6. On December 13, 2017, one day before the scheduled launch, and after months of telling Defendant that the Atari VCS Project would be ready, Plaintiff resigned as Manager via e-mail (attached hereto as Exhibit 1) without any prior notice. Plaintiff's did not want to be associated with the Atari VCS Project because it was not ready to be launched the following day, December 14, 2017, and he did not want to ruin his reputation.

  7. Plaintiff's resignation did not comport with the Agreement. The term of the Agreement was scheduled to last one-year unless it was renewed timely. Section 5 of the Agreement states that "either party may terminate [the] Agreement at any time upon providing **thirty (30) days advance written notice** to the other Party." Plaintiff provided no such notice.

  8. Defendant cancelled the Atari VCS Project's scheduled launch because Plaintiff's promises that the Atari VCS Project was ready proved empty. Defendant was forced to re-assess each part of the Atari VCS Project, contract with third-party for the development of a controller, and more importantly spent months checking the exact status of the Atari VCS Project, building webpages, developing a marketing and pricing strategy, all of which were supposed to be ready for a launch on December 14, 2018. The delay injured

Defendant's reputation, which may have contributed to the decline of the parent company's share price December 2017. The Atari VCS Project ultimately launched on May 29, 2018.

9. On December 13, 2017, Defendant's CEO called Plaintiff and told him that his resignation was accepted given the obvious breach of confidence by Plaintiff and that a transition period was to be organized. On January 26, 2018, Defendant notified Plaintiff that his withdrawal/resignation had been accepted as of December 13, 2017, and requested that Defendant return all material and work for hire to Defendant.

10. Plaintiff's withdrawal from the Agreement had a broad impact. Plaintiff was not a Member of Defendant when he resigned and was not entitled to any distribution under the Operating Agreement. Section 10.6 of the Operating Agreement makes it clear that when a party is no longer a Member, that party "**shall not be entitled to receive any distributions from the Company**." The Stock Option notices also required that Plaintiff be continuously employed with Atari, S.A. and/or its affiliate to receive the remaining options.

11. When Plaintiff resigned on December 13, 2017, Plaintiff's sole source of compensation was pursuant to the Agreement, as amended by Amendment No.1, dated October 20, 2017. Plaintiff's compensation was based on launching the product and raising money on the Indiegogo crowdfunding platform. The initial $50,000 represents money Defendant loaned to Plaintiff in connection with the Atari VCS Project, and the remaining $150,000 represents Defendant's investment in the Atari VCS Project.

## BREACH OF CONTRACT

12. Defendant repeats and re-alleges paragraphs 1 to 11 of the Counterclaim.

13. Defendant and Plaintiff were parties to a valid agreement.

14. Plaintiff breached the Agreement by resigning abruptly from the Atari VCS Project on the eve of the scheduled launch and failed to manage Defendant's crowdfunding initiatives.

15. As a result of Plaintiff's wrongful conduct, Defendant suffered damages in an amount which will be proven at trial.

## UNJUST ENRICHMENT

16. Defendant repeats and re-alleges paragraphs 1 to 15 of the Counterclaim.

17. Plaintiff agreed to lead the Atari VCS Project pursuant to the Agreement.

18. Defendant advanced over $50,000 to Plaintiff to lead the Atari VCS Project.

19. The Agreement provides that Contractor would receive no salary during the development stage of the Atari VCS Project and that compensation was based on revenues after the Atari VCS Project launched and funds were raised on Indiegogo.

20. Plaintiff resigned abruptly before completion of the Atari VCS Project and has not returned the advances to Defendant.

21. As a consequence of Plaintiff's wrongful conduct, Plaintiff would be unjustly enriched if he is allowed to keep the advances.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests judgment as follows:

a) Dismissal of the Complaint with prejudice in its entirety;

b) Compensatory damages in an amount to be determined at trial;

c) Reasonable and proper attorney's fees and costs in connection with the this proceeding;

d) Pre and post-judgment interest as permitted by law; and

e) Such other and further relief as this Court deems just and proper

Dated: New York, New York
       August 7, 2018

BRESSLER, AMERY & ROSS, P.C.

By:   */s/Denver G. Edwards*
      Denver G. Edwards
      Michael Gaico
17 State Street, 34th Floor
New York, New York 10004
Tel.: 212-425-9300

Attorneys for Defendant