UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEARGAL MAC CONULADH,<br><br>　　　　　　　　　Plaintiff,<br><br>vs<br><br>ATARI GAMEBOX LLC,<br><br>　　　　　　　　　Defendant | Civil Action No. 1:18-cv-06380<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER** |

**Whereas**, Defendant ATARI GAMEBOX LLC and its affiliated entities (collectively, **"Atari"**) and Plaintiff FEARGAL MAC CONULADH (**"Mr. Mac Conuladh"**) (each a "Party", and collectively the "Parties") are involved in the above-captioned litigation involving certain intellectual property and/or proprietary information relating to, inter alia, creation of a new consumer electronics multimedia device;

**Whereas**, the Parties have exchanged and/or anticipate exchanging trade secret and/or highly confidential information during the course of discovery in this action; and

**Whereas**, good cause exists for the entry of such Stipulation and Protective Order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by, between, and among the parties in to this Stipulation and Protective Order, through their respective counsel, as as follows:

**1. Scope of Information Covered.**

(a) This Stipulation and Protective Order shall cover all materials that a Party producing such materials in the course of this litigation (the "Producing Party") identifies as Confidential at the time of or after production to the other Party (the "Receiving Party"), which may include materials produced in any settlement discussion or produced in response to any discovery request (including but not limited to documents, deposition transcripts, interrogatory responses, and responses to request for admission) in this action made to or by any party; all information contained in those material; and all copies, excerpts, or summaries of those materials (collectively, **"Confidential Material"**). The Receiving Party may use Confidential Material solely for the purposes of this litigation and related litigation pending in the San Francisco Superior Court and the Commercial Court of Lyon, including any and all appeals (the "Litigation"), and not for any other purpose.

(b) For purposes of this Stipulation and Protective Order, a Party may designate material/information as "Confidential" only to the extent that it constitutes data or information that is proprietary to the Disclosing Party and not generally known to the public, whether in tangible or intangible form, whenever and however disclosed, including, but not limited to: (i) any marketing strategies, plans, financial information, or projections, operations, sales estimates, business plans and performance results

1

relating to the past, present or future business activities of such party, its affiliates, subsidiaries and affiliated companies; (ii) plans for products or services, and customer or supplier lists; (iii) any scientific or technical information, invention, design, process, procedure, formula, improvement, technology or method, patent applications, sales, employees, investors, prospects, markets or business; (iv) any concepts, reports, data, know-how, works-in-progress, designs, development tools, specifications, computer software, source code, object code, flow charts, databases, inventions, information and trade secrets; and (v) any other information that should reasonably be recognized as confidential information of the Disclosing Party.  Confidential Information need not be novel, unique, patentable, copyrightable or constitute a trade secret in order to be designated Confidential Information.  The Receiving Party acknowledges that the Confidential Information is proprietary to the Disclosing Party, has been developed and obtained through great efforts by the Disclosing Party and that Disclosing Party regards all Confidential Information as trade secrets.

(c) Notwithstanding anything in the foregoing to the contrary, Confidential Information shall not include information which: (i) was known by the Receiving Party prior to receiving the Confidential Information from the Disclosing Party; (b) becomes rightfully known to the Receiving Party from a third-party source not known (after diligent inquiry) by the Receiving Party to be under an obligation to Disclosing Party to maintain confidentiality; (c) is or becomes publicly available through no fault of or failure to act by the Receiving Party in breach of this Stipulation and Protective Order; (d) is required to be disclosed in a judicial or administrative proceeding, or is otherwise requested or required to be disclosed by law or regulation, although the requirements of paragraph 3 hereof shall apply prior to any disclosure being made; and (e) is or has been independently developed by employees, consultants or agents of the Receiving Party without violation of the terms of this Stipulation and Protective Order or reference or access to any Confidential Information.

(d) Confidential Information shall not include information which is disclosed (A)(i) in confidence to a Federal, State, or local government official, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal."

2. **Designation of Discovery Material as Confidential**.

(a) Counsel may designate as Confidential any information/material that counsel in good faith believes contains or is derived from trade secrets or other confidential research, development, or commercial information.

(b) Any information disclosed under this Stipulation and Protective Order must be marked "Confidential" to be considered Confidential Information.  For information that is disclosed orally, in a form that is difficult to mark, or in written form without marking, Disclosing Party shall have fifteen days to deliver a written version of the information appropriately marked, or in the case of information that is not amenable to written recording, a writing describing the information and designating the information as "Confidential."

(c) Exclusions.  Receiving Party, however, shall have no liability to Disclosing Party under this Stipulation and Protective Order with respect to the disclosure and/or use of any such Confidential Information that it can establish:

i. has become generally known or available to the public without breach of this Stipulation and Protective Order by the Receiving Party;

      ii. was known by the Receiving Party, as established by its records, before receiving such information from Disclosing Party; or

      iii. has become known by or available to Receiving Party from a source other than Disclosing Party, without any breach of any obligation of confidentiality owed to Disclosing Party to Receiving Party's knowledge, subsequent to disclosure of such information to it by Disclosing Party.

  3. **Required Disclosures.** Receiving Party may disclose the Confidential Information if and to the extent that such disclosure is required by applicable law, provided that the Receiving Party uses reasonable efforts to limit the disclosure by means of a protective order or a request for confidential treatment at Disclosing Party's expense and provides Disclosing Party a reasonable opportunity of at least ten (10) business days to review the disclosure, if permitted, before it is made and to interpose its own objection to the disclosure.

    **4. Method of Designating Confidential Material.**

  (a) Designation of Confidential Material shall be made by stamping the legend "Confidential" on any document containing Confidential Material. Multi-paged Confidential Material that is bound together need only be so designated on the first page. If the Confidential Material cannot be so labeled, it will be designated Confidential in some other conspicuous manner. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the party receiving the document.

  (b) Deposition testimony may be designated Confidential by an indication on the record at the deposition, or by written notice of the specific pages and lines of testimony that are Confidential, within twenty-one (21) days after receipt of the official deposition transcript. Each party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody, or control.

  5. **Use of Confidential Material.** Confidential Discovery Material may be disclosed only to the following persons:

  (a) The Court in which this litigation or either of the related litigations set out above is pending and any court to which an appeal of such litigation may lie;

  (b) The parties to this litigation, including present officers, directors, members, and other employees of the parties, to the extent reasonably necessary for the prosecution or defense of claims in this litigation or either of the related litigations set out above;

  (c) Outside counsel representing the parties and their support personnel whose functions require access to such Confidential Material;

  (d) Any actual or potential non-party witness or deponent to the extent reasonably necessary, and counsel for such witness;

  (e) Outside vendors who perform microfilming, photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

(f) Court reporters and other persons engaged in preparing transcripts of testimony or hearings for this litigation;

(g) Experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this litigation;

(h) Any other person who is so designated by order of any court, agency, or arbitration panel in which this litigation is pending;

(i) No Confidential Material may be disclosed to persons identified in subparagraphs (d), (g), and (h) until they have reviewed this Stipulation and Protective Order and either (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party; or (2) agreed on the record at a deposition to be bound by the terms of this Stipulation and Protective Order.

6. **Challenge of "Confidential" Designation.**

(a) If any party to this Stipulation and Protective Order should conclude that Discovery Material should not be treated as Confidential, then it shall notify the designating party in writing and state the basis for that conclusion.

(b) If the designating party insists on the material being treated as Confidential Material as specified in this Stipulation and Protective Order, it shall so notify the challenging party in writing within ten (10) days of receipt of the challenging party's notice. The designating party's written notice shall specify all reasons why confidentiality should apply to the Discovery Materials whose designation as confidential has been challenged. The parties shall, within five (5) business days of service of the aforesaid written notice confer concerning the objection and their dispute as to the designation. If the matter is not then resolved, the challenging party shall have fourteen (14) days after receipt of such notice to move the court for an order that the challenged material should not be designated as Confidential. The party that wishes the Discovery Material to retain the Confidential designation shall bear the burden of proof in any challenge to such a designation.

(c) The Parties agree to maintain the confidentiality of any such Confidential Material and to use it only in the manner authorized by this Stipulation and Protective Order unless and until the Court rules that it may be treated otherwise.

7. **No Restriction of Material Independently Obtained or Publicly Available.** Nothing in this Stipulation and Protective Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such documents or information have been designated Confidential.

8. **Exemption for Authors, Recipients and Parties Producing Confidential Discovery Material.** Nothing in this Stipulation and Protective Order shall be deemed to prohibit disclosure of any Discovery Material designated Confidential to such persons as appear on the face of the document to be its author or a recipient, and nothing in this Stipulation and Protective Order shall be deemed to limit or prohibit any manner of use of any Confidential Material by the party producing such Confidential Material.

9. **Obligations**. The Receiving Party acknowledges that irreparable injury and damage may result from disclosure of Confidential Information to any parties or individuals not expressly authorized under this Stipulation and Protective Order or from utilization for any purpose other than the Litigation. Receiving Party agrees:

(a) to hold the Confidential Information in strict confidence;

(b) to disclose such Confidential Information only to individuals each of whom Receiving Party warrants and represents has agreed in writing to be bound under the terms and conditions of this Stipulation and Protective Order;

(c) to use all reasonable precautions, consistent with or better than the Receiving Party's treatment of its own confidential information of a similar nature, to prevent the unauthorized disclosure of the Confidential Information, including, without limitation, protection of documents from theft, unauthorized duplication and discovery of contents, and restrictions on access by other persons to such Confidential Information; and

(d) not to use any Confidential Information for any purpose other than the Litigation.

**10. Filing Confidential Discovery Material Under Seal.**

(a) Subject to the applicable Rules of Civil Procedure, Local Rules, and any other governing authority, all pleadings and all other writings of any and every kind that are electronically filed with this Court, the San Francisco Court, or Lyon Court that contain or refer to or disclose Confidential Material shall be filed under seal if so permitted by the Court.

11. **No Waiver of Objections.** Nothing in this Stipulation and Protective Order shall constitute a waiver of a party's right to object to the production of Confidential Material or to demand more stringent restrictions upon the treatment and disclosure of any Confidential Material on the ground that it contains particularly sensitive or proprietary information.

12. **Obligation to Act in Good Faith.** The parties and their counsel agree to act in good faith when taking any action pursuant to this Stipulation and Protective Order.

13. **No Waiver of Rights.** The inadvertent or unintentional production of Confidential Material shall not constitute an admission by the producing party and shall not waive the producing person's rights with respect to the propriety, materiality, relevance, or admissibility of the materials produced.

14. **Inadvertent Production of Privileged Documents.** The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver. Promptly upon learning of the inadvertent disclosure, however, the producing party must notify the receiving party of the inadvertent production and request return or destruction of the documents. The receiving party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the receiving party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the producing party must preserve any such documents.

15. **Post-Litigation Treatment of Confidential Discovery Material.** No later than thirty (30)

days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this litigation and the San Francisco litigation and Lyon litigation, any person or entity possessing any Confidential Material shall return all such Confidential Material, including all copies, extracts, and summaries, to the producing party, or, in lieu thereof, shall certify in writing that all Confidential Material has been destroyed, except that counsel of record may retain for their files copies of any paper served or filed in this litigation, including portions of any such papers that contain or disclose Confidential Material.

16. **Continuing Effect of this Stipulation and Protective Order.**  Neither the termination of this litigation nor the termination of employment of any person who had access to any Confidential Material shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of Confidential Material pursuant to this Stipulation and Protective Order.

17. **Notice of Breach**.

Receiving Party shall notify the Disclosing Party immediately upon discovery of any unauthorized use or disclosure of Confidential Information by Receiving Party or its representatives, or any other breach of this Stipulation and Protective Order by Receiving Party or its representatives and will cooperate with efforts by the Disclosing Party to help the Disclosing Party regain possession of Confidential Information and prevent its further unauthorized use.

18. **Governing Law.**  This Stipulation and Protective Order shall be construed, interpreted and applied in accordance with the laws of the State of New York, excluding its conflict of law rule.  The Parties consent to the jurisdiction of the United States District Court for the Southern District of New York for all disputes arising out of, related to, or connected with this Stipulation and Protective Order.  In connection with such disputes, the parties expressly and irrevocably waive any objection or defense of personal jurisdiction, venue, or convenience of the forum.

19. **Miscellaneous**.

(a)     This Stipulation and Protective Order constitutes the entire understanding between the Parties and supersedes all prior or contemporaneous understandings and agreements, whether oral or written, between the parties, with respect to the subject matter hereof.  This Stipulation and Protective Order can only be modified by a written amendment signed by the party against whom enforcement of such modification is sought.

(b)     Any failure by either party to enforce the other party's strict performance of any provision of this Stipulation and Protective Order will not constitute a waiver of its right to subsequently enforce such provision or any other provision of this Stipulation and Protective Order.

(c)     Although the restrictions contained in this Stipulation and Protective Order are considered by the parties to be reasonable for the purpose of protecting the Confidential Material, if any such restriction is found by a court of competent jurisdiction to be unenforceable, such provision will be modified, rewritten or interpreted to include as much of its nature and scope as will render it enforceable. If it cannot be so modified, rewritten or interpreted to be enforceable in any respect, it will not be given effect, and the remainder of the Stipulation and Protective Order will be enforced as if such provision was not included.

(d)     Any notices or communications required or permitted to be given hereunder may be

delivered by hand, deposited with a nationally recognized overnight carrier, electronic-mail, or mailed by certified mail, return receipt requested, postage prepaid, in each case, to the address of the other party first indicated above (or such other addressee as may be furnished by a party in accordance with this paragraph). All such notices or communications shall be deemed to have been given and received (a) in the case of personal delivery or electronic-mail, on the date of such delivery, (b) in the case of delivery by a nationally recognized overnight carrier, on the third business day following dispatch and (c) in the case of mailing, on the seventh business day following such mailing.

(e) This Stipulation and Protective Order is personal in nature, and neither party may directly or indirectly assign or transfer it by operation of law or otherwise without the prior written consent of the other party, which consent will not be unreasonably withheld. All obligations contained in this Stipulation and Protective Order shall extend to and be binding upon the parties to this Stipulation and Protective Order and their respective successors, assigns and designees.

(f) Paragraph headings used in this Stipulation and Protective Order are for reference only and shall not be used or relied upon in the interpretation of this Stipulation and Protective Order.

**Atari Gamebox LLC**

By: */s/ Denver G. Edwards*

Name: Denver G. Edwards

Date: February 6, 2019

**Feargal Mac Conuladh**

By: /s/ *Richard Mooney*

Name: Richard Mooney

Date: February 6, 206

SO ORDERED:

_____
HON. SARAH NETBURN

**EXHIBIT A**

  I hereby acknowledge that I have received a copy of the Stipulation and Protective Order ("**Order**"), entered by Feargal Mac Conuladh and Atari Gamebox LLC and its affiliates in the action entitled *Feargal Mac Conuladh v. Atari Gamebox, LLC*. I have carefully read the Stipulation and Protective Order and I fully understand the terms of the Stipulation and Protective Order. I recognize that I am bound by the terms of that Stipulation and Protective Order, and I agree to comply with those terms. I agree, under penalty of perjury, not to disclose information designated thereunder as "Confidential" to any person not entitled to access such information.

  I further agree to use "Confidential" material only in connection with this litigation, and not for any other purpose, including any business, competitive or governmental purpose or function.

  I hereby consent to the jurisdiction of this court in respect to any proceedings relative to the enforcement of that Stipulation and Protective Order, including without limitation any proceeding related to contempt of court.

  At the end of this litigation, or my involvement in this litigation, whichever occurs first, I will return to counsel for the party by whom I am employed or retained all such "Confidential" material that has come into my possession.

  Executed this _____ day of _____, 2019.

                Name
                Company: _____
                Bus. Address: _____
                Telephone: _____
                E-mail: _____

Sworn to before me this ___
Day of _____, 2019

_____